Filed 12/23/22  P. v. Gopal CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ARVIND VYAS GOPAL,<br><br>    Defendant and Appellant. | F084288<br><br>(Super. Ct. No. 1060116)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County.  Shawn D. Bessey, Judge.

Patrick J. Hoynoski, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Levy, Acting P. J., Franson, J. and Meehan, J.

# INTRODUCTION

In 2003, a jury convicted appellant Arvind Vyas Gopal of the following four felonies:

(1)     Attempted murder (Pen. Code, §§ 664/187, subd. (a);[1] count I);

(2)     Mayhem (§ 205; count II);

(3)     Assault with a deadly weapon (§ 245, subd. (a)(1); count III); and

(4)     Making a criminal threat (§ 422; count IV).

Regarding the conviction for attempted murder, the jury found true that appellant acted intentionally, deliberately, and with premeditation. In other counts, the jury found true that he personally inflicted great bodily injury upon the victim (§ 12022.7, subd. (a)), and he personally used a deadly and dangerous weapon, a knife (§ 12022, subd. (b)).

In 2004, appellant was sentenced to prison for life with the possibility of parole for the attempted murder in count 1, which was further enhanced by four years, along with a consecutive determinate sentence of one year.

In 2022, appellant filed a form petition in the superior court requesting resentencing pursuant to section 1170.95.[2] Appellant claimed in his petition that he could no longer be convicted of attempted murder because of changes to sections 188 and 189 effective January 1, 2019.[3] Appellant also requested the appointment of counsel.

---

[1]     All future statutory references are to the Penal Code unless otherwise noted.

[2]     Effective June 30, 2022, section 1170.95 was renumbered as section 1172.6, with no change in its text. (Stats. 2022, ch. 58, § 10.)

[3]     In relevant part, section 188 requires a principal in a crime to act with malice aforethought to be guilty of murder, and malice may not be imputed to a person based solely on his participation in a crime. (§ 188, subd. (a)(1)-(3).) Under section 189, a person is liable for first degree murder only if (1) he was the actual killer; or (2) he acted with an intent to kill in aiding and abetting the actual killer; or (3) he was a "major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e)(1)-(3).)

On April 11, 2022, the superior court stated in a written ruling that it could not "reconcile" appellant's petition against the record. Instead, the court found that appellant had acted with premeditation and deliberation when he attempted to kill the victim in this case. The court ruled it would not appoint counsel for appellant, and appellant was not eligible for relief. The court denied the petition for resentencing.

On appeal, appellant's current counsel filed a *Wende*[4] brief which summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. After reviewing the record, we affirm the lower court's denial of the petition for resentencing.

## DISCUSSION

In relevant part, a person convicted of attempted murder may file a petition with the sentencing court to have that conviction vacated if (1) the prosecution could have proceeded under the natural and probable consequences doctrine; (2) the petitioner was convicted of attempted murder; and (3) the petitioner could not presently be convicted of attempted murder because of changes to the law. (§ 1172.6, subd. (a)(1)-(3).) A petitioner may request the appointment of counsel. (*Id.* at subd. (b)(1)(C).)

If the petitioner makes a prima facie showing that he is entitled to relief, the court shall issue an order to show cause. (§ 1172.6, subd. (c).) If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so. (*Ibid.*) If the court issues the order to show cause and conducts a hearing, the prosecution has the burden to prove beyond a reasonable doubt that the petitioner is guilty of murder or attempted murder under the amended versions of section 188 or 189. (§ 1172.6, subd. (d)(3).)

---

[4]     *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). A *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under those circumstances, an appellate court must conduct an independent review of the entire appellate record. (*Id.* at pp. 441–442.)

On December 19, 2022, our Supreme Court analyzed whether the *Wende* process applies to a superior court's order denying a petition for postconviction relief under former section 1170.95. The high court held that *Wende* is not applicable in this situation. (*People v. Delgadillo* (Dec. 19, 2022, S266305) ___Cal.5th___ [2022 Cal. Lexis 7654, at *2] (*Delgadillo*).) The high court instructed that, instead of using the process outlined in *Wende*, an appellate court should do the following when counsel submits notice that such an appeal lacks arguable merit. First, the Court of Appeal should provide notice to the defendant that counsel was unable to find any arguable issues. (*Delgadillo*, *supra*, ___ Cal.5th ___ [2022 Cal. Lexis 7654, at *2].) The defendant should then be permitted to file a supplemental brief or letter raising any argument the defendant wishes the court to consider. (*Delgadillo*, *supra*, __ Cal.5th __ [2022 Cal. Lexis 7654, at *3].) Finally, if no such supplemental brief or letter is timely filed, the court may dismiss the appeal as abandoned. (*Ibid.*)

In *Delgadillo*, the Court of Appeal had provided notice to the defendant regarding his right to file a supplemental brief, but the Supreme Court concluded that the notice had been "suboptimal." (*Delgadillo*, *supra*, __ Cal.5th __ [2022 Cal. Lexis 7654, at *3].) The notice was problematic because it had indicated that the *Wende* procedures would apply when they did not, and the notice had not informed the defendant that the appeal would be dismissed as abandoned if no supplemental brief or letter was filed. (*Ibid.*) However, to promote judicial economy, the high court conducted its own independent review of the record. (*Ibid.*). After conducting its review, the *Delgadillo* court determined that the defendant was not entitled to relief. (*Ibid.*)

Here, after appellant's counsel filed the *Wende* brief, this court informed appellant that he could file a letter in this matter stating any grounds that he wanted this court to consider. Appellant, however, did not file anything with this court. Based on *Delgadillo*, the notice that this court sent to appellant must be deemed "suboptimal" because appellant was not informed that his appeal would be dismissed as abandoned if no

supplemental brief or letter was filed. Accordingly, even though *Wende* is inapplicable in this situation, we will nevertheless conduct our own independent review of the record. (See *Delgadillo*, *supra*, __ Cal.5th __ [2022 Cal. Lexis 7654, at *3].)

We have carefully reviewed the entire record, and we conclude that appellant is not entitled to relief. The trial court provided the required statement setting forth its reasons for denying the petition for resentencing. (See § 1172.6, subd. (c).) The superior court's ruling is correct. The jury found that appellant committed the attempted murder intentionally, deliberately, and with premeditation. He personally used a knife, and he inflicted great bodily injury. As such, the record overwhelmingly establishes that appellant acted with malice aforethought. Thus, he is statutorily ineligible for resentencing of his attempted murder conviction, and the trial court properly denied the petition. (See § 187, subd. (a) ["malice aforethought" is required for any murder]; see also *Delgadillo*, *supra*, ___Cal.5th___ [2022 Cal. Lexis 7654, at *24–25].) Accordingly, we affirm the superior court's ruling.

## DISPOSITION

We affirm the superior court's order dated April 11, 2022, denying the petition for resentencing.